UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
PRAKASH MELWANI

                Plaintiff,

                v.

XYZ ENTITY d/b/a NATURE REPUBLIC
and JOHN / JANE DOE

                Defendants.
---------------------------------------------

**19CV8628**

No. 19 CV _____

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Prakash Melwani ("Melwani" or "Plaintiff"), for his complaint against defendants XYZ Entity, doing business as Nature Republic ("Nature Republic"), and John/Jane Doe ("Defendant Doe"), collectively the Defendants ("Defendants"), alleges on knowledge as to his own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, trademark dilution, unfair competition, public deception, unjust enrichment, and related claims in violation of the laws of the United States and the State of New York. Plaintiff seeks an injunction, damages, related relief, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the

1

statutory and common law of the State of New York. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

3. This Court has personal jurisdiction over Defendants under Sections 301 and 302 of the New York Civil Practice Laws and Rules because Defendants continuously and systematically conduct, transact, and solicit business in this District, and because the events giving rise to this complaint occurred in this state and/or had effects in this state.

## THE PARTIES

4. Plaintiff Melwani is a United States citizen with an address at 101 West 23rd St Suite 163, New York, New York 10011. Plaintiff is the individual owner of a family of Royal Silk® ("ROYAL SILK") trademarks ("RS Marks") that are the subject of this lawsuit. Plaintiff has been injured and will continue to be injured in New York and in this judicial district by Defendants' wrongful acts.

5. Defendant Nature Republic ("Nature Republic") is the business operator of a specialty beauty and cosmetics stores that identifies itself as "Nature Republic" ("Nature Republic Store") on its signage and on its bill of sale. It is located at 33 West 32nd Street, in New York City, and it sells and distributes, and has sold and distributed, a variety of toiletries and personal care products for the last several years.

6. At the time of this Complaint, there are seven active and inactive Nature Republic business entities ("Nature Republic Entities") that have been registered in the State of New York since February 1993, of which five are still active. At this time, it is not clear which of these five Nature Republic Entities is the owner and operator of the Nature Republic Store at 32nd Street.

7. Jane/John Doe ("Defendant Doe") is the individual owner, operator, and/or controlling agent of Nature Republic and the Nature Republic Store. The exact name(s) of Defendant Doe(s) is not known at this time.

8. Defendants conduct business at 33 West 32nd Street, New York, NY 10001.

9. For the last several years, Defendants have directly or indirectly participated in the wrongful infringement and deceptive acts that are alleged in this lawsuit.

10. Defendants have engaged in intrastate and interstate commerce within the United States. Further, Defendants have sold the infringing products at issue in this case, along with other products, in the State of New York and in this judicial district.

## THE ROYAL SILK TRADEMARKS AND BUSINESS

11. Plaintiff is the owner of all rights, title, and interest in and to a family of several registered and common law trademarks using "ROYAL SILK" as all or a significant portion of the mark, collectively, the RS Marks ("RS Marks"). The RS Marks include, but are not limited to, the following U.S. Trademark Registrations and IC numbers[1]:

| Trademark | Reg. No. | Registration Date | IC | Goods or Services |
|---|---|---|---|---|
| ROYAL SILK | 2338016 | April 4, 2000 | 25 | Wearing apparel made wholly or substantially of silk, namely, tops, shorts, skirts, boxers, scarves, sashes, mufflers. |
| ROYAL SILK (Word and Design mark) | 3578997 | February 24, 2009 | 25 | Wearing apparel made wholly or substantially of silk, namely, scarves, ties, boxer shorts, skirts, tee shirts, long-sleeved shirts, and shirts for suits. |
| ROYAL SILK | 3745470 | February 24, 2009 | 3 | Hair conditioner, hair shampoo. |

---

[1] The IC number designates the International Classification of Goods and Services for the purpose of Registration of trademarks at the United States Patent and Trademark Office.

3

| | | | | |
|---|---|---|---|---|
| ROYAL SILK | 5076644 | November 8, 2016 | 24 | Handkerchiefs, mad in whole or in substantial part of silk; silk fabric. |
| ROYAL SILK | 5076644 | November 8, 2016 | 45 | Providing information in the fields of silk, the folklore of silk, the history of silk, and the proper care of silk via websites on a global computer network. |
| ROYAL SILK | 88101177 | August 31, 2018 | 22 | Laundry Wash Bags |

12.     Some of the RS Marks have achieved incontestable status under 15 U.S.C. § 1065, as the result of which, under U.S.C. § 1115(b) of the Trademark Act, the registrations are the conclusive evidence of the validity of the marks and of the registrant's exclusive right to use the marks on or in connection with the goods or services specified in the affidavit establishing the incontestability.

13.     Plaintiff's RS Marks are validly registered, subsisting, unrevoked and uncancelled.

14.     On September 20, 2005, a unanimous jury verdict in this Court found that ROYAL SILK was a famous and/or distinctive trademark.[2]

15.     Thus, the RS Marks are famous and are well known to the buying public as identifying and distinguishing Plaintiff's ROYAL SILK goods exclusively and uniquely as a reliable source of the high-quality merchandise and services to which the RS Marks are applied. The RS Marks have acquired enormous value, goodwill and recognition in the United States.

16.     Plaintiff is engaged in the licensing of the RS Marks for the manufacture, distribution, sale, marketing, and promotion in interstate commerce of the ROYAL SILK brand line of clothing, accessories, personal care products, and services.  Melwani or his predecessors-in-interest have been continuously using the RS Marks since as early as March 1978.

---

[2] *Prakash Melwani v. Pradip K. Jain et al.*, 02 Civ 1224 (DF)

4

## DEFENDANTS' WRONGFUL ACTS

17. Defendants, without the consent or permission of Melwani, are importing, exporting, distributing, advertising, marketing, promoting, shipping, offering for sale, and selling a variety of cosmetics, beauty, and personal care goods bearing the ROYAL SILK mark ("Infringing Goods"). Such goods are competitive with, related to, and are directed and targeted for the same marketplaces and towards the same group of consumers as the goods to which the RS Marks are applied or likely to be applied.

18. Defendants have been selling Infringing Goods since inception of its business.

19. At the time of this complaint, Defendants are still selling, advertising and/or promoting the Infringing Goods.

20. Defendants' wrongful acts have caused and are likely to cause deception, confusion and mistake among consumers that: (a) the Infringing Goods originated with Plaintiff or one of his licensees; or (b) there is some affiliation, connection or association of Defendants with Plaintiff or one of his licensees; and/or (c) such Infringing Goods are being offered to consumers with the sponsorship and/or approval of Plaintiff or his licensees.

21. Defendants' wrongful and unlawful acts have caused and will continue to cause dilution to the RS Marks.

22. Defendants' wrongful acts were willful and intentional, in that Defendants either knew that the Infringing Goods bore a trademark confusingly similar, substantially indistinguishable and/or identical to the RS Marks, or willfully ignored such fact.

23. Defendants' acts were undertaken in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products, and to gain the benefit of the extensive goodwill associated with the RS Marks.

24. Defendants' wrongful acts constitute acts of unfair competition.

25. Defendants' improper and unlawful conduct has been knowing, deliberate, willful, and intentionally deceptive to the public and has been in total disregard of Plaintiff's lawful rights.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Federal Trademark Infringement)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants' willful use of the ROYAL SILK mark, without Melwani's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Infringing Goods.

28. Defendants' wrongful and unlawful conduct has been knowing, deliberate, willful, and intentionally deceptive to the public and has been in total disregard of Plaintiff's rights.

29. Defendants' misconduct has injured Melwani in an amount to be determined at trial, but not less than $250,000, and has caused and will continue to cause irreparable injury to Melwani, for which Melwani has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### (False Designation of Origin)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 above as if fully set forth herein.

31. Defendants' willful use of the ROYAL SILK mark, without Melwani's consent, constitutes the use of false or misleading designations of origin and/or the making of false of misleading representation of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the Infringing Goods distributed, sold and offered for sale by Defendants.

32. Defendants' improper and unlawful conduct has been knowing, deliberate, willful, and intentionally deceptive to the public and has been in total disregard of Plaintiff's rights.

33. Defendants' misconduct has injured Melwani in an amount to be determined at trial, but not less than $250,000, and has caused and will continue to cause irreparable injury to Melwani, for which Melwani has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Federal Trademark Dilution)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. The RS Marks are famous and inherently distinct. Melwani and/or his predecessor-in-interest, in connection with the promotion and sale of their products, have used the RS Marks on a national and international basis since as early as April 1978. As a result of

Plaintiff's extensive and substantial marketing and promotion of the RS Marks, the consuming public and trade have come to associate the RS Marks uniquely and distinctly with Plaintiff and his licensees as being high quality merchandise.

36. Defendants have injured Plaintiff in an amount to be determined at trial, but not less than $250,000, and have caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Long after the RS Marks became famous, Defendants, without consent or authority from Plaintiff, used unauthorized reproductions, counterfeits, copies and colorable imitations of the RS Marks and thereby caused, and are causing, the actual dilution of the distinctive qualities of the registered RS Marks.

37. By and through their unscrupulous and unlawful acts, Defendants have deliberately sought to trade on and benefit from the distinctive value and reputation of the RS Marks. As a result, Defendants have caused dilution of the RS Marks.

38. Defendants have caused dilution by blurring of the RS Marks, by which the essential connection in consumers' minds between the RS Marks and the goods and services offered by Plaintiff or his licensees are lessened, weakened and denigrated.

39. Due to the questionable and dishonest value of the Infringing Goods, Defendants have caused dilution by tarnishment to the RS Marks, thereby diluting the value of the RS Marks.

40. As a result of the above acts, Defendants have unlawfully engaged in trademark dilution in violation of 15 U.S.C. §1125(c).

41. Defendants' improper and wrongful conduct has injured Melwani in an amount to be determined at trial, but not less than $250,000 and has caused and threatens to cause

irreparable injury to Melwani and his RS Marks, for which Melwani has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Common Law Trademark Infringement and Unfair Competition)

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. Defendants' aforementioned acts constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

44. Defendants' improper and wrongful misconduct in violation of Plaintiff's rights, and without his consent, has caused and is likely to cause confusion, mistake, and/or deception among consumers and the public as to the source, origin, sponsorship, and/or quality between Defendants' goods and the genuine ROYAL SILK goods licensed by Plaintiff.

45. Defendants' improper and unlawful conduct has been knowing, deliberate, willful, and intentionally deceptive to the public and has been in total disregard of Plaintiff's lawful rights.

46. Defendants' improper, unscrupulous, and wrongful misconduct has injured Plaintiff in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (N.Y. General Business Law § 349)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 above as if fully set forth herein.

48. Defendants' aforementioned acts constitute deceptive acts and practices, that have caused consumer injury and will continue to cause consumer injury. Defendants' aforementioned acts not only harmed and continue to harm Plaintiff, but also harmed and continue to harm the public interest in the State of New York, all in violation of New York General Business Law § 349.

49. Defendants' willful and unscrupulous misconduct has injured Melwani and has caused and will continue to cause irreparable injury to Melwani, for which Melwani has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (N.Y. General Business Law § 360-l)

50. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51. Defendants have injured Plaintiff's and/or his licensees' public image and business reputation and/or diluted the distinctive quality of the RS Marks in violation of New York General Business Law § 360-l.

52. Defendants' improper, unscrupulous, and unlawful conduct has been knowing, deliberate, willful, and unscrupulous; and has been in total disregard of Plaintiff's rights.

53. Defendants' improper and wrongful acts have injured Plaintiff in an amount to be determined at trial and have caused, are causing, and threaten to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### (Unjust Enrichment)

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55. By virtue of Defendants' improper, unscrupulous, and unlawful acts described above, Defendants have been unjustly enriched in an amount to be proven at trial, but not less than $250,000.

56. Defendants' retention of monies gained through willful, unlawful and deceptive business practices, false designation, along with infringement and tarnishment of the RS Marks would serve to enrich Defendants unjustly and would be contrary to the interest of justice.

**WHEREFORE**, Melwani demands that a judgment be entered granting the following relief:

1. Preliminarily and permanently enjoining and restraining Defendants and their affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

   (a) imitating, copying or making unauthorized use of the RS Marks;

   (b) manufacturing, purchasing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying goods and/or services bearing any unauthorized reproduction, counterfeit, copy or colorable imitation of the RS Marks, either by use of just the words "ROYAL SILK" or in conjunction with other words, marks or designs;

(c) using any mark confusingly similar to any of the RS Marks in connection with the manufacture, purchase, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any goods or services in such manner as to relate or connect, or tend to relate or connect, such goods and services in any way with Plaintiff or his licensees or to any goods or services sold, sponsored, approved by, or connected with Plaintiff's RS Marks;

(d) engaging in any other activity, singly or with third parties, constituting unfair competition with Melwani or his licensees, or constituting an infringement of any of the RS Marks or Melwani's rights in, or his rights to use or exploit such trademarks, or the reputation and the goodwill associated with the RS Marks; and

(e) engaging in any other activity, including the effectuation of assignments or transfers of their interests in marks confusingly similar to the RS Marks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, including transfer of the Infringing Goods, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(d) above.

2. Directing that Defendants deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices or other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the RS Marks and/or any unauthorized reproductions, counterfeits, copies or colorable imitations thereof.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products at issue in this case that have

been offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Melwani or his licensees or are related to or associated in any way with Melwani's genuine ROYAL SILK goods or services.

4. Awarding Melwani all compensatory and punitive damages sustained by him as a result of Defendants' wrongful acts, and trebling those amounts, pursuant to 15 U.S.C. § 1117.

5. Directing that Defendants provide complete accountings of all sales and transfers made of all the Infringing Goods, whether identified or not in the Complaint by Plaintiff, or in any subsequent amended complaints by Plaintiff.

6. Directing that Defendants provide complete accounting of all purchases, imports, and stocks of all the Infringing Goods.

7. An order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession and along with all monies and profits due to Defendants from any third parties as a result of all the Infringing Goods.

8. Awarding Melwani his costs, reasonable attorneys' fees, investigation fees and expenses, together with pre-judgment and post-judgment interest.

9. Awarding Melwani such other and further relief as the Court deems just and proper.

**Plaintiff demands a trial by jury on all claims so triable.**

Dated: September 16, 2019
   New York, New York

**Respectfully submitted by:** _____

Prakash Melwani *(pro se)*
101 West 23rd St, Suite 163
New York, New York 10011
TEL: (212) 505-1818
FAX: (212) 685-5009
EMAIL: pakmelwani@comcast.net